

19 Bay 8th Street
Brooklyn, New York 11228
Tel: (347) 709-2491| Fax: (718) 744-2782

December 31st , 2015

Hon. Allyne R. Ross
United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE:**  Pagan v. The City of New York, e*t al*.
 Case No. 15-cv-5825 (ARR)(RLM)

Dear Judge Ross:

    This firm represents the Plaintiff, Adela Pagan ("Plaintiff" or "Ms. Pagan"), in the above-referenced matter against the Defendants, the City of New York, New York Police Department, and Emergency Medical Services (collectively, "Defendants" or "The City").  Pursuant to the Court's Individual Practice Rules, the Plaintiff submits this letter response to the Defendants' request for a Pre-Motion Conference for a partial motion to dismiss.  Because the individual NYPD actors have not been identified by the City, the Plaintiff respectfully requests that the Court suspend ruling on the application pending the Magistrate Judge's ruling on the Pretrial Discovery Motion, which will lead to information essential to the Plaintiff's claims.

## Background

    This action arises from the unjustified killing of fifty-one year old Mario Pagan Ocasio ("Mario") by The City's Police Officers and medical technicians, and the conspiracy to cover it up.  Pursuant to the Order dated November 18th, 2015, the City provided the Court with video evidence that the NYPD confiscated from one of the eyewitnesses to the incident.  *See Letter Concerning In Camera Submission* (Nov. 30, 2015), Electronic Case Filing ("ECF") Docket Entry ("DE") #22.  The contents of the video are unknown, except that they were submitted in response to the Court's Order that Defendants produce "all video, audio, photographic, or other data . . . related to the incident that resulted in the decedent's death." *See Order to Produce Video for In Camera Inspection* (Nov. 18, 2015), DE #18, at pg 5-6.

    According to eyewitnesses, the video shows the harrowing effect of The City's practice and procedure, as well as unlawful and lethal constitutional violations. *See Complaint* ¶¶122-134.  Currently pending before the Court is the Plaintiff's converted letter/motion for release of the video to her counsel. *See Plaintiff's Letter for Release of the Video to her Counsel* (Oct. 13, 2015), DE #5 (Affixed hereto as *Exhibit A*).  The Defendants seek leave to file a Motion to Dismiss prior to the Court's decision on this pending matter.  However, since none of the individual actors have been identified, the Defendants' motion is premature and should be held in abeyance until the Court has ruled on whether the video is subject to disclosure.

    In the event that the Court declines to abstain from ruling until the discovery Motion may be adjudicated on the merits the Defendants' application should nevertheless be denied where:



19 Bay 8th Street
Brooklyn, New York 11228
Tel: (347) 709-2491| Fax: (718) 744-2782

1. The Plaintiff has sufficiently stated her claim in satisfaction of rule 8(a), and therefore "is entitled to offer evidence to support the claims."
2. Taking the Plaintiff's allegations as true, this Court's jurisprudence supports a denial of the Defendants' 12(b)(6) motion.

### 1. **THIS JURISDICTIONS' LIBERAL PLEADING STANDARD UNDER FRCP 8(a)**

If a Complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement". *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also*, Fed. R. Civ.P. 8(a)(2)(requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"). Here, based solely on the Complaint, the Court can determine that the allegations amount to "well-pleaded factual allegations" in support of the Plaintiff's claims.

### 2. **STANDARD FOR MOTION TO DISMISS UNDER FRCP 12(b)(6)**

In assessing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court "must accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir.2006); *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005). The United States Supreme Court has instructed the Second Circuit that this does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *See also, Iqbal*, 556 U.S. at 678 (holding that a court must determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")(internal citations omitted). This is because, on a motion to dismiss, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer,* 468 U.S. 183 (1984).

A. *Monell* Liability under 42 U.S.C. § 1983 (Count III, ¶¶ 158-164)

Defendants' letter properly explains that the Plaintiff has "advanced a *Monell* claim based on a failure to provide adequate training and supervision with respect to interactions with persons with mental illness" *See Def. Letter Application for a Pre-Motion Conference*, (Dec. 21, 2015), DE #23 *(citing Compl.* ¶¶ 7(c), 44, 73, 90, 102, 146-151, 163). However, the Defendants dismiss all other *Monell* allegations where the Plaintiff has alleged that the City of New York, through its "policy or custom . . . inflicts the injury" upon the Plaintiff. Those allegations include policies and practices of "conceal[ing] and escap[ing] responsibility for serious misconduct," Compl. ¶ 117(b); "improperly investigat[ing] complaints of physical abuse," *Id.* ¶ 160; "fail[ing] to appropriately investigate . . . and discipline NYPD personnel [for] such conduct," *Id.* ¶ 161; and "conduct[ing] inadequate screening [regarding officers'] propensity for violence and bias against [the mentally ill]." *id.* ¶ 162. Despite the Defendants' suggestion to the contrary, those allegations, taken as true on a 12(b)(6) motion, more than establish the Plaintiff's claims. *Id.* Additionally, as the Defendants' letter explains, these issues are pled thoroughly, with numerous examples and citations as to the City's widespread policy and lack there of present in NYPD patrol guidelines. *See Compl.* ¶¶ 7(c), 44, 73, 90, 102, 146-151, 163.


19 Bay 8th Street
Brooklyn, New York 11228
Tel: (347) 709-2491| Fax: (718) 744-2782

      B.      <u>Supervisory Liability/Failure to Train</u> (Counts II, VII, ¶¶ 155-157, 185-189)

The Defendants' argument that the Plaintiff has not plausibly pled supervisory liability is erroneous. *See Comp.* ¶¶ 75-92. Taking the allegations of the Complaint as true, the Plaintiff has plausibly pled both constitutional violations and state torts. Until the Court decides whether it will release the video, the Defendants should not be allowed a windfall judgment because they have purposely withheld the identities of the supervisors involved in the incident. *See Compl.* ¶¶ 109, 112, 117; *Cf. Charles v. City of New York, 11 Civ. 2783 (AT),* 2014 U.S. Dist. LEXIS 46741, *at \*33* (S.D.N.Y. Mar. 31, 2014) (finding Plaintiff's claim time bared but still disturbing where plaintiff asserted that "the NYPD's successful efforts to actively conceal the identities of the key officers until after discovery should not be rewarded").

      C.      <u>Negligent and Intentional Infliction of Emotional Distress</u> (IX, X, ¶¶ 192-197, 198-200)

Because the Plaintiff's allegations are not "only consistent with a theory of intentional" conduct, the Defendants cannot argue that the NYPD's conduct was not both extreme-and-outrageous and grossly negligent. *Lozada v. Weilminster*, 92 F. Supp. 3d 76, 107 (E.D.N.Y. 2015) *Cf. Berrios v. Our Lady of Mercy Medical Center*, 20 A.D.3d 361, 362 (1st Dep't 2005)(applying same outrageous conduct requirement to causes of action for intentional and negligent infliction of emotional distress). Taking the account of the conduct by the NYPD Defendants as true, the Plaintiff has sufficiently pled facts to establish a claim for both intentional and negligent infliction of emotional distress. *See Compl.* ¶¶ 193-200).

### Conclusion

Without a ruling on the pending motion, defendants request is procedurally precipitate. The City is well aware that the video evidence offers a visual representation of The City's pattern and practice against Emotional Disturb Persons. They seek to end run the Court's scheduled initial conference with a Motion rather than an Answer, buck stops here. A man died in City custody, and if justice is to have meaning Defendants must not be allowed to sidestep the truth. *National Cong. for Puerto Rican Rights ex rel. Perez v. The City of New York*, 194 F.R.D. 88, 96 (S.D.N.Y. 2000)(citing *Wood v. Breier*, 54 F.R.D. 7, 10–11 (E.D.Wis.1972)("[C]itizens are encouraged to police those who are charged with policing us all.").

Thus, for the reasons set forth above, the Plaintiff respectfully requests that the Court suspend ruling on the application in anticipation of the Magistrate Judge's ruling on the outstanding discovery Motion.

Thank you for your consideration of this request.

                                          **Respectfully submitted,**
                                          BURNS CONSULTING, INC.

                                          Israel Adam Burns, Esq.
                                          19 Bay 8th Street
                                          Brooklyn, New York 11228
                                          Tel: (347) 709-2491| Fax: (718) 744-2782
                                          Email: <u>Israel@burnsconsulting.us</u>
                                          *Attorneys for Plaintiff*

cc.:      Defendants via ECF